IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Radio One, Inc., a Delaware corporation, and Blue Chip Broadcasting, Ltd. dba Radio One Columbus, an Ohio limited liability company<br><br>Plaintiffs,<br><br>vs.<br><br>iHeartMedia Management Services, Inc., a Texas corporation, iHeartMedia + Entertainment, Inc., a Nevada corporation, iHeartMedia, Inc., a Delaware corporation, Bobby Gaither Consulting, an Ohio limited liability company, 22ND Foundation, Inc., an Ohio corporation, Bobby G. Ferguson dba Here Columbus, an individual<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 2:17-cv-00314<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Gordon & Rees LLP
20 S. Third Street, Suite 210
Columbus, OH 43215

COMES NOW Plaintiffs Radio One, Inc. and Blue Chip Broadcasting Ltd. dba Radio One Columbus (collectively, "Radio One"), by and through its attorneys, Gordon & Rees, LLP, and states as follows:

**JURISDICTION**

1. This claim arises under the provisions of the Lanham Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.*, including 15 U.S.C. § 1114(1)(a), and is for the infringement of a trademark registered in the United States Patent and Trademark Office. This Court has jurisdiction over the subject matter of this claim pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a).

-1-

2. This action includes state and common law claims for which this Court has jurisdiction under 28 U.S.C. 1338(b), in that said claims are joined with substantial and related claims.

## VENUE

3. Venue is proper in the United States District Court for the Southern District of Ohio pursuant to 28 U.S.C. § 1391, because the infringement and other wrongful acts giving rise to these claims occurred in this judicial district.

## THE PARTIES

4. Plaintiff Radio One, Inc., at all times pertinent to this Complaint, has been a corporation duly organized and existing under the laws of the State of Delaware, having an office and place of business at 1010 Wayne Avenue, 14th Floor, Silver Spring, Maryland 20910.

5. Plaintiff Blue Chip Broadcasting, Ltd. dba Radio One Columbus, at all times pertinent to this Complaint, has been a limited liability company duly organized and existing under the laws of the State of Ohio, having an office and place of business at 350 East First Avenue, Suite 100, Columbus, Ohio 43201.

6. Upon information and belief, Defendant iHeartMedia Management Services, Inc. is a corporation organized and existing under the laws of the State of Texas, having an office and place of business at 2323 W. Fifth Avenue, Suite 200, Columbus, Ohio 43204; is transacting and doing business within this judicial district and is subject to the jurisdiction of this Court pursuant to the laws of Ohio and Rule 4 of the Federal Rules of Civil Procedure.

7. Upon information and belief, Defendant iHeartMedia + Entertainment, Inc. is a corporation organized and existing under the laws of the State of Nevada, having an office and place of business at 200 East Basse Road, San Antonio, Texas 78209; is transacting and doing business within this judicial district and is subject to the jurisdiction of this Court pursuant to the laws of Ohio and Rule 4 of the Federal Rules of Civil Procedure.

8. Upon information and belief, Defendant iHeartMedia, Inc. is a corporation organized and existing under the laws of the State of Delaware, having an office and place of business at 200 East Basse Road, San Antonio, Texas 78209; is the parent company of iHeartMedia Management Services,

Gordon & Rees LLP
20 S. Third Street, Suite 210
Columbus, OH 43215

Inc. and iHeartMedia + Entertainment, Inc. and is transacting and doing business within this judicial district and is subject to the jurisdiction of this Court pursuant to the laws of Ohio and Rule 4 of the Federal Rules of Civil Procedure.

9. Upon information and belief, Defendants iHeartMedia Management Services, Inc., iHeartMedia + Entertainment, Inc., and iHeartMedia, Inc. (collectively "iHeartMedia") conduct business under the trade name "iHeartRadio," and together own and operate more than 850 radio stations throughout the United States, including the Columbus, Ohio market radio stations WZCB-FM (hereinafter "106.7 The Beat") and FM translator W287CP and WYTS-AM (hereinafter "Kiss 105.3").

10. Upon information and belief, Defendant Bobby Gaither Consulting (hereinafter Bobby Gaither) is a limited liability company organized and existing under the laws of the State of Ohio, having an office and place of business at 1831 Oak Street, Columbus, Ohio 43205; is transacting and doing business within this judicial district and is subject to the jurisdiction of this Court.

11. Upon information and belief, Defendant 22ND Foundation, Inc. (hereinafter "Foundation") is a corporation for non-profit organized and existing under the laws of the State of Ohio, having an office and place of business at 1831 Oak Street, Columbus, Ohio 43205; is transacting and doing business within this judicial district and is subject to the jurisdiction of this Court.

12. Upon information and belief, Bobby Gaither and Foundation are owned and operated by Bobby Ferguson, an individual, who is a resident of Ohio and also conducts business within this judicial district under the unregistered trade name "Here Columbus," and is subject to the jurisdiction of this Court.

13. Upon information and belief, at all times mentioned in this Complaint, Defendants, and each of them, were the agents, employees, joint ventures, shareholders, and/or partners of their codefendants, and each of them, and in in doing the things described herein were acting in the course and scope of that agency, employment, joint venture, shareholding, and/or partnership, with the knowledge, ratification, approval and/or consent of their codefendants.

/ / /

/ / /

**Gordon & Rees LLP**
**20 S. Third Street, Suite 210**
**Columbus, OH 43215**

**GENERAL ALLEGATIONS**

14. Plaintiff Radio One, Inc. owns all right, title, and interest in connection with U.S. Trademark Registration No. 1946654, which was registered on January 9, 1996, and features the word mark, STONE SOUL PICNIC®. A true and correct copy of proof of registration is attached hereto as **Exhibit A**.

15. At least as early as August 20, 1993, and continuing to date, Radio One has used in commerce the STONE SOUL PICNIC® mark in connection with education and entertainment services in the nature of a festival to present the diverse and unique aspects of African American culture, featuring live musical performances.

16. Part and parcel of long and continued use, Radio One has invested substantial amounts of time and thousands of dollars in adopting, promoting, marketing, and using this mark in commerce to identify its products and services. As a result, Radio One has developed significant goodwill and strong trademark rights within and outside of the United States regarding the above-registered mark, and the public has come to recognize and associate the STONE SOUL PICNIC® mark with Radio One's products and services. From time to time, Radio One also has licensed its STONE SOUL PICNIC® mark to others in jurisdictions where Radio One does not do business or conduct a festival.

17. Part and parcel of long and continued use, along with substantial investment as described herein, Radio One has developed information, technical data and trade secrets, including, but not limited to research, processes, technical data, communication strategies, sales strategies, sales literature, sales contracts, products, methods, services, equipment, costs, customer lists, and client lists.

18. Radio One's information, technical data and trade secrets derives independent economic value from not generally being known to and not being readily ascertainable by proper means by others in the industry, in that it would significantly reduce the time needed for others to develop similar products and services by allowing them to avoid processes, strategies, and methods which produce unsatisfactory results and by allowing them to determine the types which lead to favorable results. As such, Radio One has limited access to this confidential information, along with taking other reasonable efforts to maintain secrecy.

Gordon & Rees LLP
20 S. Third Street, Suite 210
Columbus, OH 43215

19. At least as early as June 7, 2014, Radio One used in commerce the STONE SOUL PICNIC® mark in connection with educational and entertainment services in the nature of an African-American focused festival featuring live musical performances at a park location called the Columbus Commons in Columbus, Ohio.

20. Radio One hired Defendant Bobby Gaither as a consultant to assist in the hosting, promotion, and advertising of Radio One's products and services under the STONE SOUL PICNIC® mark, including the above-referenced June 6, 2015 event at the Columbus Commons. A true and correct copy of the Agreement is attached hereto as **Exhibit B**.

21. As a material condition for receiving substantial monetary compensation from Radio One, Bobby Gaither agreed in the Agreement to remain under an ongoing duty of confidentiality as to Radio One's proprietary information, technical data and trade secrets, including, but not limited to: "research, processes, technical data, communication strategies, sales strategies, sales literature, sales contracts, product plans, products, inventions, methods, services… equipment, costs, customer lists…." (See Exhibit B, Agreement, ¶13.)

22. Radio One disclosed proprietary information, technical data and trade secrets to Bobby Gaither during the performance of the Agreement including, but not limited to research, processes, technical data, communication strategies, sales strategies, sales literature, sales contracts, products, methods, services, equipment, costs, customer lists, and client lists.

23. As a material condition for receiving substantial monetary compensation from Radio One, Bobby Gaither agreed in the Agreement to not "become a party to any other agreement of any kind and shall nor perform any work or service on behalf of any individual, business corporation, or organization that would create a conflict of interest in the performance of [Bobby Gaither's] obligations under this Agreement." (See Exhibit B, Agreement, ¶8.)

24. Effective April 5, 2017, long after Radio One's adoption and use of the STONE SOUL PICNIC® mark, Bobby Gaither registered the trade name "Soul Picnic At The Commons" with the State of Ohio, Document No. 201709604022. A true and correct copy of proof of registration with the State of Ohio is attached hereto as **Exhibit C**.

Gordon & Rees LLP
20 S. Third Street, Suite 210
Columbus, OH 43215

25. Effective March 31, 2017, long after Radio One's adoption and use of the STONE SOUL PICNIC® mark, Bobby Gaither registered the trade name "Stone Soul Picnic" with the State of Ohio, Document No. 201709304286. A true and correct copy of proof of registration with the State of Ohio is attached hereto as **Exhibit D**.

26. Effective March 31, 2017, long after Radio One's adoption and use of the STONE SOUL PICNIC® mark, Bobby Gaither registered the trade name "Soul Picnic" with the State of Ohio, Document No. 201709304288. A true and correct copy of proof of registration with the State of Ohio is attached hereto as **Exhibit E**.

27. On or about April 5, 2017, Radio One became informed and believes that Defendants had recently published promotional literature and/or an advertisement on the internet social media platform Facebook improperly using the infringing mark "Soul Picnic" in commerce to publicly promote products and services in the nature of an African-American focused festival featuring live musical performances to be held at the same Columbus Commons location in Columbus, Ohio on or about June 3, 2017. The advertisement features a photograph of a live musical performance at the Columbus Commons and the logos for iHeartMedia as iHeart Radio and their radio station's Kiss 105.3 and 106.7 The Beat.

28. On or about April 7 and 10, 2017, Radio One contacted iHeartMedia and Bobby G. Ferguson, respectively, regarding their infringement of Radio One's intellectual property rights. Radio requested that Defendants discontinue using the STONE SOUL PICNIC® mark or any other confusingly similar mark in connection with its concerts or other live musical performances.

/ / /

/ / /

29. On or about April 10, 2017, Radio One became informed and believes that Defendants had recently published a sales document improperly using the infringing mark "Soul Picnic" in commerce to publicly promote products and services in the nature of an African-American focused festival featuring live musical performances to be held at the Columbus Commons location on or about June 3, 2017. The sales document features a photograph from a live musical performance at the Columbus Commons hosted by Radio One in or about 2014 in connection with the STONE SOUL PICNIC® mark, along with the logos for iHeartMedia as iHeart Radio and their radio station's Kiss 105.3 and 106.7 The Beat.

30. On information and belief, on or about April 10, 2017, Defendants published new promotional literature and/or an advertisement on the social media platforms Facebook and Instagram which uses the infringing marks "Soul At The Commons," "Soul614," and "Soul Picnic Columbus" in commerce to publicly promote products and services in the nature of an African-American focused festival featuring live musical performances to be held at the Columbus Commons on or about June 3, 2017. The advertisement features the logos for Kiss 105.3, 106.7 The Beat, and Foundation.

31. On information and belief, on or about April 11, 2017, iHeartMedia announced on its Columbus, Ohio radio station(s) that the soul concert was "returning" to Columbus.

32. On or about April 11, 2017, Radio One became informed and believes that Defendants published an internet website on the platform Event Brite using the infringing mark "Soul 614 At The Commons" to publicly promote and facilitate ticket sales for products and services in the nature of an African-American focused festival featuring live musical performances to be held at the Columbus Commons location on or about June 3, 2017. The aforementioned website features a photograph from a live musical performance at the Columbus Commons. The organizer of the event is listed as "herecolumbus.com." Upon information and belief, Defendants have, in fact, sold tickets to the June 3, 2017 event on Event Brite.

33. On or about April 11, 2017, Radio One became informed and believes that Defendants published promotional literature and/or an advertisement in the form of a "profile page" for Defendant Bobby G. Ferguson's Here Columbus pseudonym on the internet social media platform Facebook using

Gordon & Rees LLP
20 S. Third Street, Suite 210
Columbus, OH 43215

the infringing marks "Soul 614 At The Commons" and "Soul 614" in commerce to publicly promote products and services in the nature of an African-American focused festival featuring live musical performances to be held at the Columbus Commons location on or about June 3, 2017. The website features a photograph from a live musical performance at the Columbus Commons along with the logos for Kiss 105.3, 106.7 The Beat, and Foundation.

## FIRST CLAIM FOR RELIEF

### Trademark Infringement

### (All Defendants)

34. Radio One realleges and incorporates by reference each and every allegation contained in the previous paragraphs, as though fully set forth herein.

35. The acts of Defendants, as alleged herein, constitute trademark infringement in violation of Section 1125(a) of the Lanham Act.

36. The use by Defendants of the infringing marks "Soul Picnic," "Soul At The Commons," "Soul614, "Soul 614 At The Commons," and "Soul Picnic Columbus" has been without the consent of Radio One, is likely to cause confusion and mistake in the minds of the purchasing public, and in particular, tends to and does falsely create the impression that goods and services sold by Defendants, including the advertised June 3, 2017 event, are authorized, sponsored, or approved by Radio One when, in fact, they are not.

37. The Ohio State trade name registrations by Bobby Gaither of the infringing marks "Stone Soul Picnic," "Soul Picnic," and "Soul Picnic At The Commons" has been without the consent of Radio One, is likely to cause confusion and mistake in the minds of the purchasing public, and in particular, tends to and does falsely create the impression that goods and services sold by Bobby Gaither, including the advertised June 3, 2017 event, are authorized, sponsored, or approved by Radio when, in fact, they are not.

38. On information and belief, the activities of Defendants complained of herein constitutes willful and intentional infringement of Radio One's right, title, and interest in connection with U.S. Trademark Registration No. 1946654, featuring the word mark STONE SOUL PICNIC® mark, are in

*Gordon & Rees LLP*
*20 S. Third Street, Suite 210*
*Columbus, OH 43215*

total disregard of Radio One's rights, and were commenced and have continued in spite of Defendants' knowledge that use of the Radio One's registered trademark or a copy or a colorable imitation thereof, was and is in direct contravention to Radio One's rights.

39. As a proximate result of Defendants' above-described conduct, Radio One is informed and believes, and based thereon alleges, that it has been damaged in an unascertained amount.

40. At all material times, Defendants acted in bad faith, oppressively and maliciously toward Radio One, with intent to injure Radio One, thereby entitling Radio One to punitive damages against Defendants in an unascertained amount.

41. The above-described acts of Defendants have caused and are continuing to cause irreparable injury to Radio One, its reputation, and goodwill. Radio One has no adequate remedy at law, and is suffering irreparable harm and damage as a result of the acts of Defendant as aforesaid in an amount thus far not determined.

42. Radio One has incurred, and will continue to incur, attorneys' fees and court costs arising from the acts of Defendants alleged herein. Radio One seeks the recovery of attorneys' fees and costs as the prevailing party in this action.

## SECOND CLAIM FOR RELIEF

### For Unfair Competition- Federal

### (All Defendants)

43. Radio One realleges and incorporates by reference each and every allegation contained in the previous paragraphs, as though fully set forth herein.

44. The acts of Defendants, as alleged herein, constitute unfair competition, false designation of origin, and fraudulent business practices that are damaging to the public in violation of Section 1125(a) of the Lanham Act.

45. As a proximate result of Defendants' above-described conduct, Radio One is informed and believes, and based thereon alleges, that it has been damaged in an unascertained amount.

46. At all material times, Defendants acted in bad faith, oppressively and maliciously toward

Gordon & Rees LLP
20 S. Third Street, Suite 210
Columbus, OH 43215

Radio One, with intent to injure Radio One, thereby entitling Radio One to punitive damages against Defendants in an unascertained amount.

47. The above-described acts of Defendants have caused and are continuing to cause irreparable injury to Radio One, its reputation, and goodwill. Radio One has no adequate remedy at law, and is suffering irreparable harm and damage because of the acts of Defendant as aforesaid in an amount thus far not determined.

48. Radio One has incurred, and will continue to incur, attorneys' fees and court costs arising from the acts of Defendants alleged herein. Radio One seeks the recovery of attorneys' fees and costs as the prevailing party in this action.

### THIRD CLAIM FOR RELIEF

### For Unfair Competition- Common Law

### (All Defendants)

49. Radio One realleges and incorporates by reference each allegation contained in the previous paragraphs, as though fully set forth herein.

50. The acts of Defendants, as alleged herein, constitute unfair competition, actionable under the common law of unfair competition.

51. As a proximate result of Defendants' above-described conduct, Radio One is informed and believes, and based thereon alleges, that it has been damaged in an unascertained amount.

52. At all material times, Defendants acted in bad faith, oppressively and maliciously toward Radio One, with intent to injure Radio One, thereby entitling Radio One to punitive damages against Defendants in an unascertained amount.

53. The above-described acts of Defendants have caused and are continuing to cause irreparable injury to Radio One, its reputation, and goodwill. Radio One has no adequate remedy at law, and is suffering irreparable harm and damage because of the acts of Defendant as aforesaid in an amount thus far not determined.

/ / /

54. Radio One has incurred, and will continue to incur, attorneys' fees and court costs arising

Gordon & Rees LLP
20 S. Third Street, Suite 210
Columbus, OH 43215

from the acts of Defendants alleged herein. Radio One seeks the recovery of attorneys' fees and costs as the prevailing party in this action.

## FOURTH CLAIM FOR RELIEF

### For Unfair or Deceptive Business Practices

### (All Defendants)

55. Radio One realleges and incorporates by reference each allegation contained in the previous paragraphs, as though fully set forth herein.

56. The acts of Defendants, as alleged herein, constitute unfair or deceptive business practices, actionable under the Ohio Uniform Trade Practices Act, Section 1345.01, *et seq.*

57. As a proximate result of Defendants' above-described conduct, Radio One is informed and believes, and based thereon alleges, that it has been damaged in an unascertained amount.

58. At all material times, Defendants acted in bad faith, oppressively and maliciously toward Radio One, with intent to injure Radio One, thereby entitling Radio One to punitive damages against Defendants in an unascertained amount.

59. The above-described acts of Defendants have caused and are continuing to cause irreparable injury to Radio One, its reputation, and goodwill. Radio One has no adequate remedy at law, and is suffering irreparable harm and damage because of the acts of Defendant as aforesaid in an amount thus far not determined.

60. Radio One has incurred, and will continue to incur, attorneys' fees and court costs arising from the acts of Defendants alleged herein. Radio One seeks the recovery of attorneys' fees and costs as the prevailing party in this action.

## FIFTH CLAIM FOR RELIEF

### For Trade Secret Misappropriation

### (Defendant Bobby Gaither Only)

61. Radio One realleges and incorporates by reference each allegation contained in the previous paragraphs, as though fully set forth herein.

62. Upon information and belief, Bobby Gaither has disclosed and/or used Radio One's

Gordon & Rees LLP
20 S. Third Street, Suite 210
Columbus, OH 43215

proprietary information, technical data, and trade secrets including, but not limited to research, processes, technical data, communication strategies, sales strategies, sales literature, sales contracts, products, methods, services, equipment, costs, customer lists, and client lists, in violation of Ohio Uniform Trade Secrets Act, Section 1361, *et seq.* and the common law of misappropriation.

63. Upon information and belief, Bobby Gaither's disclosure and/or use of Radio One's proprietary information, technical data, and trade secrets was made at a time that Bobby Gaither knew or had reason to know that its knowledge of the same was acquired under circumstances giving rise to a duty to maintain secrecy and to cease its use after performance under the Agreement with Radio One.

64. Bobby Gaither's disclosure and/or use of Radio One's proprietary information, technical data, and trade secrets was without the express or implied consent of Radio One.

65. As a proximate result of Bobby Gaither's above-described conduct, Radio One is informed and believes, and based thereon alleges, that it has been damaged in an unascertained amount.

66. At all material times, Bobby Gaither acted in bad faith, oppressively and maliciously toward Radio One, with intent to injure Radio One, thereby entitling Radio One to punitive damages against Bobby Gaither in an unascertained amount.

67. The above-described acts of Bobby Gaither have caused and are continuing to cause irreparable injury to Radio One, its reputation, and goodwill. Radio One has no adequate remedy at law, and is suffering irreparable harm and damage because of the acts of Bobby Gaither as aforesaid in an amount thus far not determined.

68. Radio One has incurred, and will continue to incur, attorneys' fees and court costs arising from the acts of Bobby Gaither alleged herein. Radio One seeks the recovery of attorneys' fees and costs as the prevailing party in this action.

### SIXTH CLAIM FOR RELIEF

#### For Breach of Contract

#### (Defendant Bobby Gaither Only)

69. Radio One realleges and incorporates by reference each allegation contained in the previous paragraphs, as though fully set forth herein.

**Gordon & Rees LLP**
**20 S. Third Street, Suite 210**
**Columbus, OH 43215**

70. Bobby Gaither has breached his duties of confidentiality and loyalty by misappropriating Radio One's proprietary information, technical data and trade secrets during the course of the planning, advertising and other acts of commerce related to Defendants' June 3, 2017 promoted under the infringing "Soul Picnic," "Soul Picnic At The Commons," "Soul614," "Soul 614 At The Commons," and "Soul Picnic Columbus" marks, and by wrongfully registering the trade names "Stone Soul Picnic," "Soul Picnic," and "Soul Picnic At The Commons" with the State of Ohio, in violation of the common law of contracts.

71. Radio One is informed and believes, and based thereon alleges, that Bobby Gaither has also breached his obligations in the Agreement by, among other things, entering into an agreement and/or performing work or service on behalf of iHeartMedia relating to the planning, advertising and other acts of commerce related to Defendants' June 3, 2017 promoted under the infringing "Soul Picnic," "Soul Picnic At The Commons," "Soul614," "Soul 614 At The Commons," and "Soul Picnic Columbus" marks.

72. As a proximate result of Defendants' above-described conduct, Radio One is informed and believes, and based thereon alleges, that it has been damaged in an unascertained amount.

73. At all material times, Defendants acted in bad faith, oppressively and maliciously toward Radio One, with intent to injure Radio One, thereby entitling Radio One to punitive damages against Defendants in an unascertained amount.

74. The above-described acts of Bobby Gaither have caused and are continuing to cause irreparable injury to Radio One, its reputation, and goodwill. Radio One has no adequate remedy at law, and is suffering irreparable harm and damage because of the acts of Bobby Gaither as aforesaid in an amount thus far not determined.

75. Radio One has incurred, and will continue to incur, attorneys' fees and court costs arising from the acts of Bobby Gaither alleged herein. Radio One seeks the recovery of attorneys' fees and costs as the prevailing party in this action.

Gordon & Rees LLP
20 S. Third Street, Suite 210
Columbus, OH 43215

## SEVENTH CLAIM FOR RELIEF

### For Civil Conspiracy

### (All Defendants)

76. Radio One realleges and incorporates by reference each allegation contained in the previous paragraphs, as though fully set forth herein.

77. Upon information and belief, Defendants, and each of them, committed an unlawful act in furtherance of a conspiracy, actionable under the common law of civil conspiracy.

78. Upon information and belief, Defendants, and each of them, formed and operated an unlawful conspiracy to engage in conduct that violated Radio One's intellectual property rights as described herein. This conduct includes, but is not limited to, trademark infringement, unfair competition, unfair or deceptive business practices, and misappropriation of trade secrets.

79. As a proximate result of Defendants' above-described conduct, Radio One is informed and believes, and based thereon alleges, that it has been damaged in an unascertained amount.

80. At all material times, Defendants acted in bad faith, oppressively and maliciously toward Radio One, with intent to injure Radio One, thereby entitling Radio One to punitive damages against Defendants in an unascertained amount.

81. The above-described acts of Defendants have caused and are continuing to cause irreparable injury to Radio One, its reputation, and goodwill. Radio One has no adequate remedy at law, and is suffering irreparable harm and damage because of the acts of Defendant as aforesaid in an amount thus far not determined.

82. Radio One has incurred, and will continue to incur, attorneys' fees and court costs arising from the acts of Defendants alleged herein. Radio One seeks the recovery of attorneys' fees and costs as the prevailing party in this action.

Gordon & Rees LLP
20 S. Third Street, Suite 210
Columbus, OH 43215

## EIGHTH CLAIM FOR RELIEF

### For Accounting

### (All Defendants)

83. Radio One realleges and incorporates by reference each allegation contained in the previous paragraphs, as though fully set forth herein.

84. Radio One is informed and believes, and based thereon alleges, that Defendants have engaged in commerce under the infringing "Soul Picnic," "Soul Picnic At The Commons," "Soul614," "Soul 614 At The Commons," and "Soul Picnic Columbus" marks. The infringement by Defendants have deprived Radio One of sales and/or royalties, which it otherwise would have made and resulted in the unjust enrichment of Defendants at the expense and to the detriment of Radio One, among other damage. Defendants' actions have resulted in improper profits, revenues, and other financial gains to Defendants for which Radio One, in equity and good conscience, is rightfully entitled to reimbursement.

85. Radio One does not know the amount of revenue and profits realized by Defendants, which information is uniquely within the knowledge of Defendants. Radio One, is therefore, entitled to an accounting, at Defendants' expense, to determine the amount of profits Defendants have unjustly obtained by their acts of infringement.

## NINTH CLAIM FOR RELIEF

### For Injunctive Relief

### (All Defendants)

86. Radio One realleges and incorporates by reference each allegation contained in the previous paragraphs, as though fully set forth herein.

87. By reason of the wrongful acts and unlawful conduct as hereinabove alleged, Defendant have infringed and continue to infringe the STONE SOUL PICNIC® mark by using the confusingly similar "Soul Picnic," "Soul Picnic At The Commons," "Soul614," "Soul 614 At The Commons," and "Soul Picnic Columbus" marks in connection with the promotion, advertising, and offering for sale Defendants' products and services as an indicator of origin, sponsorship, and/or approval.

88. Unless and until so enjoined or restrained by order of this Court, Defendants will

Gordon & Rees LLP
20 S. Third Street, Suite 210
Columbus, OH 43215

continue to cause great and irreparable damage to Radio One, its reputation, and goodwill. Radio One has no adequate remedy at law for the damages it has and will continue to suffer should Defendants be permitted to continue the wrongful conduct alleged herein.

### TENTH CLAIM FOR RELIEF

### Constructive Trust

### (All Defendants)

89. Radio One realleges and incorporates by reference each allegation contained in the previous paragraphs, as though fully set forth herein.

90. All revenue and profits that Defendants have wrongfully and unjustly obtained and continue to obtain because of their wrongful acts are subject to an equitable lien and constructive trust for the benefit of Radio One. Radio One, therefore, requests that this Court impose a constructive trust on the proceeds of the wrongful acts, wrongfully in the hands of Defendants, and the portion of which are in the hands of others, whether Defendants herein, to preserve said proceeds for Radio One.

### PRAYER FOR RELIEF

WHEREFORE, Radio One requests that judgment be entered in their favor and against Defendants as follows:

A. That this Court issue a temporary, preliminary, and permanent injunction, enjoining and restraining Defendants and any other person or entity acting in aid or concert with or in participation with them, including any agent, servant, or employee, from directly or indirectly:

   i. Using Radio One's STONE SOUL PICNIC® mark or any mark similar thereto including but not limited to "Soul Picnic," "Soul Picnic At The Commons," "Soul614," "Soul 614 At The Commons," and "Soul Picnic Columbus" in connection with the rendering of any unauthorized services or the sale of any unauthorized goods.

   ii. Using any trade name or trademark which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of Defendants or of third parties are sponsored by, authorized by, or in any way associated with Radio One;

   iii. Falsely representing themselves as being connected with Radio One or sponsored or

Gordon & Rees LLP
20 S. Third Street, Suite 210
Columbus, OH 43215

    associated with Radio One or engaging in any act which is likely to falsely cause the members of the entertainment industry and purchasing public to believe that Defendants are associated with Radio One;

  iv. From otherwise unfairly competing with Radio One;

  v. Using any trade secrets or confidential information obtained as a result of Bobby Gaither's Agreement with Radio One;

H. That Bobby Gaither immediately cancel the wrongful trade name registrations "Stone Soul Picnic," "Soul Picnic at the Commons" and "Soul Picnic" with the State of Ohio;

I. That Defendants deliver up for destruction all labels, signs, prints, advertising, websites, promotional material or the like in possession, custody or under the control of Defendants and any other person or entity acting in aid or concert with or in participation with them, including any agent, servant, or employee, bearing a trademark found to infringe on Radio One's STONE SOUL PICNIC® mark;

J. That Radio One be awarded compensatory damages in a yet unascertained amount;

J. That Radio One be awarded punitive and/or trebled damages due to Defendants' willful and malicious acts;

K. That Radio One be awarded reasonable attorneys' fees and costs;

L. That Defendants provide Radio One with an accounting, at Defendants' expense, to determine the amount of profits Defendants have unjustly obtained by their acts of infringement;

M. That Radio One be awarded an equitable lien and constructive trust on all revenue and profits of Defendants wrongful acts, wrongfully in the hands of Defendants, and any portion of which is in the hands of others, in order to preserve said proceeds for Radio One;

N. For interest at the maximum legal rate on all damages from the first date incurred until paid, if applicable; and

P. For such and other relief as may be just and required under the circumstances of this case.

**Gordon & Rees LLP**
**20 S. Third Street, Suite 210**
**Columbus, OH 43215**

**JURY DEMAND**

Radio demands trial by jury on all issues so triable.

Respectfully submitted this 13th day of April 2017.

GORDON & REES LLP

By: _____
Brant T. Miller, No.: 70134
GORDON & REES LLP
20 S. Third Street, Suite 210
Columbus, OH  43215
btmiller@gordonrees.com
Telephone: (614) 340-5558

ATTORNEYS FOR PLAINTIFFS
RADIO ONE, INC.
1010 Wayne Avenue, 14th Floor
Silver Spring, Maryland 20910

AND

BLUE CHIP BROADCASTING, LTD
DBA RADIO ONE COLUMBUS
350 East First Avenue, Suite 100
 Columbus, Ohio 43201