# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF OHIO

### Eastern Division

| | |
|---|---|
| Radio One, Inc., a Delaware corporation, and Blue Chip Broadcasting, Ltd. dba Radio One Columbus, an Ohio limited liability company | ) ) ) ) CASE NO. 2:17-cv-00314 |
| Plaintiffs, | ) **JOINT STIPULATION AND CONSENT** ) **DECREE** |
| vs. | ) |
| iHeartMedia Management Services, Inc., a Texas corporation, iHeartMedia + Entertainment, Inc., a Nevada corporation, iHeartMedia, Inc., a Delaware corporation, Bobby Gaither Consulting, an Ohio limited liability company, 22ND Foundation, Inc., an Ohio corporation, Bobby G. Ferguson dba Here Columbus, an individual. | ) Judge:  The Honorable Edmund A. Sargus ) ) Magistrate: |
| Defendants. | ) |

Plaintiffs Radio One, Inc. and Blue Chip Broadcasting, Ltd. dba Radio One Columbus (collectively referred to herein as "Plaintiffs" or "Radio One"), brought this action for trademark infringement and unfair competition pursuant to the Lanham Act 15 U.S.C. §§1051, 1114, and 1125 *et. seq.,* and various other state and common law claims including unfair competition, unfair or deceptive business practices, trade secret misappropriation, breach of contract, civil conspiracy and other claims as outlined in the Complaint herein (Doc #1).  Defendants deny all claims.  Plaintiffs appears by and through their counsel Brant T. Miller of Gordon & Rees LLP.

Defendants iHeartMedia Management Services, Inc., iHeartMedia + Entertainment, Inc., iHeartMedia, Inc., Bobby Gaither Consulting, 22ND Foundation, Inc., Bobby G. Ferguson dba Here Columbus, (collectively referred to as "Defendants"), are appearing by and through their

counsel: Donna K. Schneider for iHeartMedia Management Services, Inc., iHeartMedia + Entertainment, Inc., and iHeartMedia, Inc., and Leon Bass of Taft Stettinius & Hollister, LLP for Bobby Gaither Consulting, 22ND Foundation, Inc., Bobby G. Ferguson (aka Bobby Gaither) dba Here Columbus. Also appearing for the purposes of this Joint Stipulation and Consent Decree (the "Consent Decree") by and through counsel Leon Bass of Taft Stettinius & Hollister, LLP is Madison Ferguson Investments, LLC, an Ohio limited liability company. All references to Defendants herein shall be deemed to include Madison Ferguson Investments, LLC as if Madison Ferguson Investments, LLC were named as a party in the Complaint.[1] For clarity, it is stipulated that for the purposes of this Consent Decree, all references to Defendants also includes Bobby G. Ferguson (aka Bobby Gaither) individually.

The parties agree to the entry of this Consent Decree, without admission of liability or otherwise without admission to the existence or nonexistence of any issue, fact, infringement, breach, or violation of any law or agreement, or otherwise any claim as alleged in Plaintiff's Complaint.

The parties and their counsel have carefully negotiated, considered, and executed the Consent Decree. This Court, having read and considered the Consent Decree, finds that the Consent Decree is fair, reasonable, and adequate, and for good cause appearing, hereby ORDERS, as follows:

1) The Court has jurisdiction over the subject matter of the claims set forth in this

---

[1] Plaintiffs have stated their intention to join Madison Ferguson Investments, LLC as a Defendant in the Action, and therefore, in the interest of judicial economy and finality, the parties are including Madison Ferguson Investments, LLC in this Consent Decree as if it already named a party, and further in order fully resolve all matters as between Defendants and Madison Ferguson Investments, LLC. Madison Ferguson Investments, LLC is voluntarily appearing through counsel and waives service for the purposes of this Consent Decree only.

Agreement and over the parties to this Agreement pursuant to, among other authorities, 15 U.S.C. §1125(a), 15 U.S.C. §1121, 28 U.S.C. §§1331, 1332, 24 1338(a), and 1338(b). Venue is appropriate in this Court based on the residency status of Defendants pursuant to 28 U.S.C. §1391(b), among other authorities.

2) Solely for the purposes of this Consent Decree, the Parties hereto waive all objections and defenses that they may have to the jurisdiction and venue of this Court, and accept and agree to Ohio law as applicable and governing for the purposes of this Action.

3) Plaintiffs and Defendants further agree that this Court shall retain jurisdiction of this action for the purpose of implementing and enforcing the terms and conditions of this Consent Decree.

4) THE COURT ORDERS that the following definitions shall be used in interpreting the terms of this Consent Decree:

    a. "Action" refers to this lawsuit as styled above, CASE NO. 2:17-cv-00314, pending in the United States District Court for the Southern District of Ohio, Eastern Division.

    b. "Agreement" or "Consent Decree" refers to this Joint Stipulation and Consent Decree.

    c. "Effective Date" means the earliest date on which all Parties have signed this Agreement.

    d. "Final Approval" means the earliest date on which all of the following have occurred: (1) the Court has approved and entered this Agreement as a judgment, without modification materially adverse to any Party prior to or at the time of

approval; and (2) the time for appeal from that judgment has expired without the filing of an appeal, or the judgment has been upheld on appeal and either the time for further appeal has expired without the filing of a further appeal or no further appeal is allowed.

e. "Principal address" means either (1) primary business address, if there is a business address, or (2) primary residential address, if there is no business address.

f. "Defendants" means all defendants named in the Action, plus for the purposes of this Consent Decree, Madison Ferguson Investments, LLC and Bobby G. Ferguson (aka Bobby Gaither).

g. "Plaintiffs" means Radio One, Inc. and Blue Chip Broadcasting, Ltd. dba Radio One Columbus.

5) Upon approval and entry of this Agreement by this Court, this Agreement and Consent Decree constitutes a final judgment between Plaintiffs, on the one hand, and Defendants, on the other hand, in accordance with its terms, with respect to the Action and any and all claims that could or should have been brought related to the dispute therein.

6) Defendants, directly or indirectly, or through any corporate or other device, are enjoined from:

a. Using the term "Stone Soul Picnic", "Stone Soul", "Soul 614" (referred to as "the Marks") or any other term or name, alone or in combination with other words or symbols, which is confusingly similar to the Marks, or which is likely to cause confusion or mistake or to deceive with respect to the Marks.

    b.   Seeking federal or state trademark or trade name registration of the Marks alone or in combination with other words or symbols, which is confusingly similar to the Marks, or which is likely to cause confusion or mistake or to deceive.

    c.   Encouraging, suggesting, advising, pressuring, inducing, or attempting to induce any person to engage in any action that would be prohibited by the  above provisions (a)-(b) in this section.

7)    It is understood by this Court and the parties that there may be some uses of Plaintiff's marks that are beyond the control of Defendants or that Defendants otherwise are unable to remove from public use, such as social media posts or hashtags that have been re-posted, shared, re-blogged, or otherwise used by third parties.  Defendants will use reasonable efforts to remove or cause to be removed all such uses, and the parties will work in good faith together to identify the same.  For clarity, it is understood and agreed that Defendants will not be liable for, and will not be deemed to have breached or violated this Consent Decree in the event there are any such "lingering" uses of the Marks or uses by third parties.

8)    Defendant Bobby Gaither Consulting, LLC and its licensees and assignees may use "Summer 614", which shall be deemed by this Court and stipulated by the parties as not confusingly similar to the Marks. As between Plaintiffs and Defendants, Defendant Bobby Gaither Consulting, LLC and its licensees and assignees shall own and maintain all exclusive rights, including trademarks and trade names, to the "Summer 614" mark, and Defendant Bobby Gaither Consulting, LLC and its licensees and assignees may seek registration of such marks.  As consideration for inducing Plaintiffs to agree to this Consent Decree, iHeartMedia Management Services, Inc., iHeartMedia + Entertainment, Inc., and iHeartMedia, Inc. agree not to co-promote, co-produce, co-brand, or otherwise share in revenue with respect to the concert known as

"Summer 614" scheduled for Saturday June 3rd 2017 to take place at Columbus Commons in Columbus, Ohio ("The Event"). Nothing herein shall prevent iHeartMedia Management Services, Inc., iHeartMedia + Entertainment, Inc., or iHeartMedia, Inc. from doing business in the ordinary course of business with any other Defendants or otherwise with respect to The Event, other than as co-promoters or co-producers with respect to The Event, including accepting and broadcasting paid advertisements, ticket giveaways, or other on-air mentions as they would in their ordinary course of business. The restrictions outlined in this paragraph with respect to the co-production, co-promotion, co-branding and revenue sharing related to The Event apply to the Event only, and not to any future event or business relationship, including future concerts or other events using the "Summer 614" mark.

9)      The Agreement executed by and between Blue Chip Broadcasting, Ltd. d/b/a Radio One Columbus and Bobby Gaither Consulting, LLC dated as of April 9th, 2015 and otherwise referenced in the Complaint in this Action (the "Consulting Agreement") is hereby terminated and voided, and Bobby Gaither (a/k/a Bobby Ferguson) and Bobby Gaither Consulting, LLC are each fully released from any and all obligations thereunder and shall have no further obligations with respect to the Consulting Agreement notwithstanding anything therein.[2]

10)     Except as provided for in this section, each Party to this Agreement shall bear its own attorneys' fees, costs, expert witness fees, and any other expenses incurred in connection with the Action, including but not limited to the negotiation, drafting, execution, and performance of

---

[2] The heading of the Consulting Agreement notes the second party as "Bobby Gaither d/b/a Bobby Gaither Consulting, LLC", the latter of which is a registered Ohio Limited Liability Company. However, the signature line at the end of the Consulting Agreement indicates only that Bobby Gaither Consulting, LLC was to execute the Consulting Agreement, not as an individual, but as an entity. Note further that Defendants do not possess a fully executed version of the Consulting Agreement. Nothing herein shall be deemed as an admission, court determination or conclusion that that Bobby Gaither or Bobby Gaither Consulting, LLC executed or otherwise entered into the Consulting Agreement. Defendants reserve all rights to dispute the Consulting Agreement should the consent decree otherwise not reach final approval or otherwise become terminated or void.

the Agreement.  Notwithstanding the forgoing, Defendant Bobby Gaither Consulting, LLC shall be liable to Radio One in the amount of $2,500, payable within thirty (30) days following entry of this Consent Decree.

11)    Whenever, under the terms of this Consent Decree, and unless otherwise stated herein, written notice is required to be given by one party to this Agreement to another, it shall be directed to the counsel for that party described above, unless a party, their counsel, or the party's successors give notice of changes to the other parties in writing.  In the event that any party no longer is represented by counsel, notice shall be sent to that party's primary address.

12)    Effective upon Final Approval, each Party hereto fully releases, discharges from any and all Claims, and agrees not to sue, each other Party hereto , and their past and present affiliates, parents, subsidiaries, successors, assigns, members, shareholders, agents, employees, attorneys, insurers, or officers, (including in both their corporate or individual capacity), for any and all Claims, and the Parties consider this Action and all Claims therein fully resolved and terminated by this Consent Decree.  "Claims" means any and all claims, actions, demands, infringements, breaches, damages, or other matters relating to or arising out of, related to or connected with the Action and/or the Consulting Agreement and any and all claims and causes therein or otherwise based on the facts or related facts in the Action, including without limitation any and all civil claims under all federal or state statutes and implementing regulations, common law, or other authority that arise from, relate to, or are based on, or could in the future arise from, relate to, or be based on the alleged trademark infringement of the Marks under 15 U.S.C. § 1114 and related claims for state and federal unfair competition, common law trade mark infringement, and unjust enrichment; and any and all other claims or related claims that were brought or alleged in the Action or in the dispute or relationships

between the parties leading up to the Action, could have been brought, or should have been brought as between the parties in the Action; provided, however, that nothing in this Agreement shall affect or impair the claims or actions to enforce this Agreement.

13)    Not later than 15 days after Final Approval, each of the claims relating to or arising from the Action and asserted by Plaintiffs against Defendants shall be dismissed with prejudice and without an award of costs or attorneys' fees (except as otherwise provided above)  to any Party.  Plaintiffs shall draft and file the appropriate entry.

14)    The Court shall retain jurisdiction of this Action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of the Consent Decree.

15)    This Agreement is the result of a compromise and does not constitute an admission of liability by any Party to this Agreement (including Madison Ferguson Investments, LLC). Nothing in this Agreement creates, nor shall it be construed as creating any claim in favor of any person not a Party to this Agreement.  Defendants and Plaintiff shall cooperate and enter into and execute all other documents necessary to implement the provisions of this Consent Decree.

16)    Any Party may elect to terminate this Agreement if: (a) a final judicial determination is made by any court of competent jurisdiction that this Agreement will not be approved and entered without modification; or (b) such court modifies this Agreement in a manner materially adverse to that Party prior to or contemporaneously with a final judicial determination approving this Agreement as modified.  A party electing to terminate this Agreement pursuant to this paragraph must do so within 10 days after an event specified in the preceding sentence, and shall immediately notify the other Parties of such election in writing by hand delivery or overnight mail.  Termination of this Agreement by one Party shall effect termination as to all

Parties. For purposes of this paragraph, "termination" and "terminate" shall mean the cessation, as of the date of notice of such termination, of any and all rights, obligations, releases, covenants, and indemnities under this Agreement.

17)    Should either party believe that the other party has breached or otherwise violated a term, order, or obligation under this Consent Decree, or if either party breaches its obligations or violates a term or order under this Consent Decree, the non-breaching party shall give the (alleged) breaching party and their counsel written notice of such breach or violation by trackable and verifiable mail (i.e. with delivery receipt) to that party's and their counsel's Primary Address and by email to that party and their counsel. The alleged breaching party shall have the opportunity to cure such alleged breach or violation for a period of twenty-one (21) days after delivery of the notice of breach unless such breach cannot be cured or remedied within twenty-one (21) days, in which case the period for remedy or cure shall be extended for a reasonable time (collectively, the "Cure Period"). No party shall be deemed to have breached or violated a term, obligation, or order hereunder unless that party has received notice of any alleged breach or violation pursuant to this paragraph and the Cure Period has lapsed.

18)    Miscellaneous:

    a.    Modification. This Consent Decree can be modified only with the express written consent of the Parties to the Agreement and the approval of the Court.

    b.    Authorization to Execute Agreement. Each undersigned representative of a Party to this Consent Decree certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind such Party to this Agreement. And they have not assigned or otherwise transferred to any other person, entity, or agency any rights to assert any claims of any kind

whatsoever against each other.

c. Execution in Counterparts. This Consent Decree may be signed in counterparts. A facsimile signature, digital copy (e.g. PDF), or other copy will have the same force and effect of an original signature.

d. Construction. The language in all parts of this Consent Decree shall be construed according to its plain and ordinary meaning.

e. Severability. In the event that any provision, paragraph, section, or sentence of this Consent Decree is held by a court to be unenforceable, the validity of the enforceable provisions shall not be adversely affected.

f. Integration Clause. This is an integrated Consent Decree. This Consent Decree is intended to be a full and complete statement of the terms of the agreement between the parties and expressly supersedes any and all prior oral or written agreements, covenants, representations, and warranties (expressed or implied) concerning the subject matter of this Consent Decree.

g. The Parties agree to be bound by this Consent Decree and not to contest its validity in any subsequent proceeding to implement or enforce its terms. By entering into this Consent Decree, Defendants do not admit liability for any purpose as to any allegation or matter arising out of this Action.

19) This Court finds that this Agreement is fundamentally fair, just and reasonable and directs that this Consent Decree be entered as a final judgment with respect to this Action. This Court finds no reason for delay in entering final judgment on the claims resolved herein, and this Court therefore directs that this Consent Decree be entered as a final judgment pursuant to

Federal Rule of Civil Procedure 54(b).

**IT IS SO ORDERED**

Dated: ~~May~~ June 1, 2017 (EAS) , 2017

_____

**THE HONORABLE EDMUND A. SARGUS**
United State District Court Judge

**Counsel Approval:**

/s/ _____

Leon D. Bass (0069901) (Trial Attorney)
Lbass@taftlaw.com
Taft Stettinius & Hollister LLP
65 East State Street, Suite 1000
Columbus, Ohio 43215
Telephone:  614-431-2277
Facsimile:  614-221-2007
Attorney for Defendants Bobby Gaither Consulting, 22ND Foundation, Inc., Bobby G. Ferguson
dba Here Columbus, and Madison Ferguson Investments, LLC

/s/ _____

Donna K. Schneider (5051183) (Trial Attorney)
DonnaSchneider@iheartmedia.com
Telephone: 210.832.3468
200 E. Basse Road, Ste 100
San Antonio, TX  78209
Attorney for Defendants iHeartMedia Management Services, Inc., iHeartMedia + Entertainment,
Inc., and iHeartMedia, Inc.

/s/ Brant T. Miller/cjm
_____

Brant T. Miller, (70134) (Trial Attorney)
GORDON & REES LLP
20 S. Third Street, Suite 210
Columbus, OH 43215
btmiller@gordonrees.com
Telephone: (614) 340-5558
Attorneys for Plaintiffs  Radio One, Inc. Blue Chip Broadcasting, Ltd Dba Radio One Columbus

**Party Agreement:**

**Bobby Gaither Consulting, LLC**

_____    _____
By:  Bobby G. Ferguson       Date
Its: Authorized Representative

**Madison Ferguson Investments, LLC**

_____    _____
By:  Bobby G. Ferguson       Date
Its: Authorized Representative

**22ND Foundation, Inc.**

_____    _____
By:  Bobby G. Ferguson       Date
Its: Authorized Representative

**iHeartMedia Management Services, Inc.**

_____    _____
By: _____          Date
Its: Authorized Representative

**iHeartMedia + Entertainment, Inc.**

_____    _____
Bobby G. Ferguson       Date
In his individual capacity

_____    _____
By: _____          Date
Its: Authorized Representative

**Here Columbus**

_____    _____
By:  Bobby G. Ferguson       Date
Its: Authorized Representative

**iHeartMedia, Inc.**

_____    _____
By: _____          Date
Its: Authorized Representative

**Radio One, Inc.**

_____    _____
By: _____          Date
Its: Authorized Representative

**Blue Chip Broadcasting, Ltd Dba Radio One Columbus**

_____    _____
By: _____          Date
Its: Authorized Representative

**Party Agreement:**

**Bobby Gaither Consulting, LLC**

By: Bobby G. Ferguson          Date
Its: Authorized Representative

**Madison Ferguson Investments, LLC**

By: Bobby G. Ferguson          Date
Its: Authorized Representative

**22ND Foundation, Inc.**

By: Bobby G. Ferguson          Date
Its: Authorized Representative

**iHeartMedia Management Services, Inc.**

By: DONNA K. SCHNEIDER          5/30/17   Date
Its: Authorized Representative

**iHeartMedia + Entertainment, Inc.**

By: DONNA K. SCHNEIDER          5/30/17   Date
Its: Authorized Representative

Bobby G. Ferguson          Date
In his individual capacity

**Here Columbus**

By: Bobby G. Ferguson          Date
Its: Authorized Representative

**iHeartMedia, Inc.**

By: DONNA K. SCHNEIDER          5/30/17   Date
Its: Authorized Representative

**Radio One, Inc.**

By: _____          Date
Its: Authorized Representative

**Blue Chip Broadcasting, Ltd Dba Radio One Columbus**

By: _____          Date
Its: Authorized Representative

**Party Agreement:**

**Bobby Gaither Consulting, LLC**

_____   Date
By:  Bobby G. Ferguson
Its: Authorized Representative

**Madison Ferguson Investments, LLC**

_____   Date
By:  Bobby G. Ferguson
Its: Authorized Representative

**22ND Foundation, Inc.**

_____   Date
By:  Bobby G. Ferguson
Its: Authorized Representative

**iHeartMedia Management Services, Inc.**

By: _____   Date
Its: Authorized Representative

_____   Date
Bobby G. Ferguson
In his individual capacity

**iHeartMedia + Entertainment, Inc.**

By: _____   Date
Its: Authorized Representative

**Here Columbus**

_____   Date
By: Bobby G. Ferguson
Its: Authorized Representative

**iHeartMedia, Inc.**

By: _____   Date
Its: Authorized Representative

**Radio One, Inc.**

By:  Linda J. Vilardo          5/31/17
Its: Authorized Representative   Date

**Blue Chip Broadcasting, Ltd Dba Radio One Columbus**

By:  Linda J. Vilardo          5/31/17
Its: Authorized Representative   Date

<u>**CERTIFICATE OF SERVICE**</u>

     The undersigned hereby certifies that on this 1st day of June, 2017, I electronically filed the foregoing with the Clerk of Courts using the e-filing system which will send notification of such filing to the attorneys of record.

Dated: June 1, 2017

                        Respectfully submitted,

                        GORDON & REES LLP

                        */s/* Brant T. Miller
                        Brant T. Miller, Esq.
                        Ohio I.D. No. 0070134
                        GORDON & REES LLP
                        707 Grant Street, 38th Floor
                        Pittsburgh, PA 15219
                        Telephone: (412) 577-7400
                        Facsimile: (412) 347-5461
                        btmiller@gordonrees.com
                        *Attorney for Plaintiffs Radio One, Inc. and*
                        *Blue Chip Broadcasting, LTD dba Radio*
                        *One Columbus*